Reed, J.
The first issue presented is, whether or not the note in controversy was made to cover a remittance of a part of the money provided for in the contract, or was based upon another and different consideration. Although it is denied in the replication that it was made to cover such a remittance, the fact afterwards appears to have been conceded and admitted) that is was made to cover the first remittance made by plaintiff to defendant under the terms of the contract. By the terms of the contract it appears that the object and understanding of the parties was that the notes so *276 made by the defendant and transmitted to the plaintiff, should only be valid and payable to the plaintiff in case the defendant failed to perform his portion of the agreement of partnership entered into by the parties. In other words the notes were to be made by defendant for each remittance received from the plaintiff as security for the faithful performance of the contract by the defendant, and were to be void upon full and proper performance. It is useless to discuss this anomalous and heretofore unheard of method of giving security for the faithful performance of the duties of one partner to his copartner, and in the management and transaction of copartnership business. It is a provision that could only become operative by the defendant failing to apply the moneys so received to partnership affairs, and withdrawing or appropriating any of it to his own individual use, or in other words, by an absolute misapplication of the funds intrusted to him for partnership business. The advancement of 12,000 on the part of plaintiff in the formation and conduct of the business of the partnership must be supposed to have been contemplated by the parties as the equivalent of the services and ability of the defendant in the management of affairs, and could only be recoverable back under the terms of the contract, upon affirmative proof of the failure of the defendant to devote his time and his best ability to the purposes and business contemplated by the partnership agreement. Under either one of these contingencies possibly the money might be recovered. In the absence of both, the moneys advanced by the one party must, in law as well as in equity, for the purposes pf the partnership, be considered to have been offset by the time and services of the other party, and under such circumstances the recovery Icy the plaintiff would be impossible. Hence, the issues to be determined by the jury were:
First. Whether the plaintiff had fully complied with his agreement by furnishing the agreed amount of money at the time and in the manner provided for in the contract.
Second. Whether or not the defendant had, to the best *277 of his ability, complied with the contract upon his part, and devoted the necessary time and attention to it, and had properly applied all moneys received by him in the prosecution of the partnership business.
An attempt was made to show that defendant failed to comply with his agreement by failing to secure six hundred and forty acres of land under the “ Desert Land Act ” for the benefit of the partnership. The agreement of the defendant to secure land cannot be regarded as an absolute contract to secure the same. It was not to secure the title to any definite tract, any tract known by or agreed to by the parties, nor any tract the title to which could be obtained in that manner. The defendant was to find such a tract of land, if practicable, and when found, if possible, secure a title to it in that manner ; but this proceeding, involving as it did so many possible if not probable contingences, and attended, as all such transactions are, with more or less uncertainty, depending first upon the finding, and second, the ability of the party to obtain the title from the government, cannot be regarded as an absolute contract on the part of the defendant to secure the land. The most that could be required would be that the defendant should make the best practical effort to secure such a tract, if it could be done. The failing does not appear to have been the result of lack of attention on the part of the defendant. It appears from the evidence that the defendant made an effort to secure land in accordance with the provisions of the contract. Finding it impracticable to do so, he did, apparently, the best he could under the circumstances, and did secure nearly or quite the same amount of land under the “Pre-emption, Homestead and Timber Culture Acts.”
It is not contended that the money received by the defendant was misapplied or unaccounted for, for the evidence shows, that besides the payment of help and the furnishing of necessary food and supplies, considerable personal property in the way of horses, wagons, tools and appliances were secured, quite extensive building done, and one hun *278 dred twenty acres of land put under fence, and material for fencing four hundred eighty acres more provided, and also for erecting corrals and stables. It appears also from the evidence, and it is conceded practically by the plaintiff, that after he had advanced $1,800 of the $2,000 contemplated, he became financially unable to proceed, failed to pay the remainder, something near $200, by his letters admitting his inability to go on.
No provision was made for stocking the ranch with cattle, as contemplated at the initiation of the scheme; no articles of partnership prepared by the plaintiff, or entered into, for the supplying of stock to stock the ranch for the prosecution of the business of raising cattle, as provided for in the contract.
At the expiration of the year ending June, 1885, it appears from the evidence that the defendant had acquired and had control of an adequate amount of land, and, as far as had been possible with the limited means supplied, had prepared the ranch for the contemplated business, and that the ranch was at that time ready for the reception of stock, had the same been furnished in accordance with the provisions of the contract. The land was not irrigable or agricultural land. The securing of such land was not expected. The object and intention of the parties, as shown by the contract, having been to secure a ranch, and one solely for the purpose of raising and herding cattle, and consequently it was worthless, except for sale, or for the purposes contemplated.
No bad faith is imputed to the plaintiff, nor did he in his numerous letters impute bad faith, mismanagement or misapplication of funds to the defendant; but in such letters, he confessed his inability to proceed with the contract and stock the ranch, and advised defendant to dispose' of the property on hand to the best of his ability.
The contract was an unfortunate one for both parties. It seems to have been entered into in good faith and with good intentions on the part of each, but it is apparent that through ignorance of the business and the magnitude of the under *279 taking both parties were misled and mutually deceived, the-plaintiff under-estimating the extent of the undertaking and the amount of money necessary for its successful prosecution, and over-estimating his own finances and ability to furnish the requisite funds, the defendant either being misled by the statement of the plaintiff or an under-estimate of the amount of money necessary to make the undertaking successful ; the result was such as might have been expected. The real property had to be abandoned, the personal property disposed of as best it could be, and the proceeds were devoted, as shown, to the payment of partnership liability.
Numerous errors are assigned, many of which appear to have been abandoned, as they are not relied upon in argument.
It appears that in addition to the general verdict required of the jury, three or four specific questions were propounded. It is assigned for error, in substance, that the jury failed to answer the questions properly; “ that said answers and each of them are unintelligible, ambiguous and uncertain,” etc.
In our view the questions were unnecessary, and in whatsoever manner answered, unimportant; though growing out. of collateral matters embraced in the contract, they were not directed to any issue made by the pleadings. Upon the trial the principal question seems to have been lost sight of, viz. :• the liability of the defendant upon his note, which, as shown, was only to be payable in case of the breach of the contract on the part of the defendant, by want of fidelity or misapplication of money, neither of which was shown or seriously attempted; while the breach of the contract on the part of the plaintiff, by his failure to furnish the whole of the two thousand dollars, and his inability to carry out the contract and stock the ranch is conceded, and if not conceded is abundantly proved by his own letters to the defendant, which are put in evidence.
These two questions or propositions were raised by the pleadings and were to be determined by the jury, and upon the finding of the two facts rested the liability of the defend *280 ant. The general verdict of the jury in favor of the defendant covered all the questions legitimately involved.
We can find no serious errors in the admission or rejection of evidence.
It is ably contended that the court erred in refusing to give the three instructions asked by the plaintiff. We cannot regard the refusal as erroneous. They were not upon the issues to be determined—were in substance that defendant was liable by reason of his failure to secure title to six hundred and forty acres of land under the “ Desert Land Act,” and were properly refused.
It is also contended that the instructions given by the court were erroneous;—we do not so find them. They appear to be in all respects applicable, and a fair statement of the law controlling the case. They are unnecessarily lengthy. The final clause of .the sixth instruction would seem to be all that was necessary under the contract and issues, viz.: “If you find that the defendant did what he agreed to do by the terms and conditions of his contract, substantially and in good faith on his part, then you should find for the defendant.” As the balance of the charge is clearly more favorable to the plaintiff than warranted, he should not complain.
The verdict was fully warranted by the evidence. The admissions and concessions of plaintiff contained in his evidence and in his letters put in evidence, when applied to the contract, were sufficient to show that he had no cause of action. The judgment should be affirmed.

Affirmed.